IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH PHILLIP JACKSON, FX-4662, )
    Petitioner, )
     )
        v. ) 2:15-cv-871
     )
TREVOR A. WINGAR, et al., )
    Respondents. )

MEMORANDUM and ORDER

    Kenneth Phillip Jackson, an inmate at the State Correctional Institution at Somerset has present a Rule 60(b) motion for relief from judgment (ECF No. 40). For the reasons set forth below, that motion will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Jackson is presently serving a 32 ½ to 65 year sentence imposed following his conviction, upon a plea of guilty to charges of third degree murder, abuse of a corpse, forgery, theft by deception, and identity theft at Nos. CC 200201068, and 200202589 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] Following a denial of a motion to withdraw his plea, petitioner was sentenced on July 19, 2004.[2]

    An appeal was taken to the Superior Court in which the sole question was:

> Whether the trial court abused its discretion by denying the appellant's motion to withdraw guilty plea where the appellant both asserted his innocence and made said motion before sentencing?[3]

Agreeing with the trial court's October 15, 2005 opinion, on June 23, 2006 the judgment was affirmed.[4] Allowance of appeal was denied by the Pennsylvania Supreme Court on January 3, 2007.[5]

---

[1] See: Petition and p.2 of the answer. Charges filed at CC 200203968 were withdrawn as part of the plea agreement.
[2] See: Petition at ¶2.
[3] See: Appendix p.77.
[4] Id. p.118.
[5] Id. p.135.

A post-conviction petition was filed on May 29, 2007.[6] On January 4, 2014 relief was denied.[7] An appeal to the Superior Court was filed in which the issues presented were:

1. Whether the PCRA court erred in re-imposing a sentence which is illegal as it violates the terms of the plea agreement reached by the parties and expressly accepted by the trial court during the original plea proceeding?

2. Whether the PCRA court erred in imposing a sentence which is an abuse of discretion and/or manifestly excessive because the re-imposed sentences on five (5) counts were jurisdictional maximums run consecutively, were also run consecutively to the third degree murder statutory maximum of twenty (20) to forty (40) years, and were otherwise excessive?

3. Whether the PCRA court erred in finding that trial counsel was effective during voir dire, trial, plea proceedings and original sentencing despite repeatedly stating that he was unable to provide effective representation?

4. Whether the PCRA court erred when it upheld its refusal to appoint counsel to represent Mr. Jackson at the original sentencing?[8]

On January 9, 2015, the denial of post-conviction relief was affirmed and on June 23, 2015, allowance of appeal was denied by the Pennsylvania Supreme Court.[9]

In the original habeas petition received on July 6, 2015, Jackson contended he was entitled to relief on the following grounds:

1. Ineffective assistance of counsel. 6th, 5th, 8th, and 14th amendment violations. Failed to subject the prosecution's case to meaningful adversarial testing. All proceedings support finding [that counsel] could not ethically represent Mr. Jackson.
2. Layered claims of ineffective assistance of counsel.
3. Trial counsel not true advocate counsel. Attorney … gave false information to plaintiff about plea agreement. Attorney … told plaintiff he did not have plaintiff's best interest at heart nor in his heart…
4. Illegal sentence based on violation of plea agreement.
5. Violation of plea agreement.
6. [Denied counsel when he sought to withdraw his guilty plea].
7. Denied counsel at sentencing hearing.
8. Due process violation for illegal sentence based on plea agreement.

---

[6] Id. p.136.
[7] Id. pp.218-222.
[8] Id. p.238.
[9] Id. pp.311-325, 352.

2

The background to this prosecution is set forth in the January 9, 2015 Memorandum of the Superior Court:

> Preliminarily, we observe that the PCRA court vacated appellant's original sentence and then re-imposed an identical sentence. Appellant treats this appeal as a direct appeal from a new judgment of sentence. We do not regard it as such. The court's purpose in entering the new sentence was simply to make an administrative correction to the original sentence which had transposed the criminal information count numbers for one count of forgery and one count of theft by deception.[1]
>
> ⎯⎯⎯⎯
>
> The transposition and its correction upon collateral review were of no moment because identical sentences were imposed at each count.
>
> We note that the trial court may always correct obvious errors in its sentence, even after the statutorily imposed 30-day modification limit has expired …
>
> Thus, the "new" sentence was merely a ministerial correction of an obvious error in the original sentence. By simply correcting the sentence and taking no further action, the PCRA court effectively denied all of appellant's PCRA claims. Consequently, we regard this appeal as being taken from the order of February 27, 2012, operating as a denial of the PCRA petition, rather than operating as from a new judgment of sentence.
>
> The charges against appellant arose following the December 18, 2001 discovery of the remains of appellant's uncle in a garage behind appellant's house. The cause of death was blunt force injury, and appellant subsequently confessed to the homicide. Appellant also cashed his uncle's Social Security checks and used his uncle's identification papers in doing so...
>
> During appellant's jury trial, appellant and the Commonwealth came to a plea agreement. Appellant subsequently pleaded guilty to third degree murder, one count of abuse of a corpse, two counts of theft by deception, two counts of forgery, and one count of identity theft. The Commonwealth agreed to *nolle pros* all other changes. The plea agreement also required that the sentence that would be imposed would be within the Sentencing Guidelines…[10]

---

[10] Id. pp.311-313.

A federal habeas corpus court reviewing a conviction upon a plea of guilty must determine whether or not the plea was knowingly, intelligently and voluntarily entered. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

Jackson's habeas petition was dismissed on the merits on December 7, 2015 (ECF No. 19); the dismissal was ultimately affirmed by the Court of Appeals on January 2, 2017 (ECF No.37) and certiorari was denied on May 14, 2018. On July 19, 2018, the instant motion was filed in which Jackson contends he is entitled to relief on the grounds of "fraud, misrepresentation or misconduct by an opposing party. Rule 60(b)(6) any other reason that justifies relief."[11] More specifically he contends that "the second plea offer was stated by Attorney Pat Thomassey to be for Jackson to plead guilty to 3rd degree murder, and 5 of the lesser charges in exchange for a sentence on all charges within the guidelines, and the remainder of the charges would be dropped. Jackson accepted this plea agreement."[12] He continues that "at sentencing Jackson requested the Commonwealth to appoint him competent counsel, but was denied his constitutional right to competent counsel, and forced into self-representation by the Commonwealth. The Commonwealth argued that Jackson was abusive and conflicting with prior counsel (nowhere in the record does the Commonwealth show where Jackson abused counsel)."[13]

In support of the present motion, Jackson contends that "the Commonwealth of Pennsylvania committed fraud, by misrepresentation of brief dated 8-3-2017 [to the United States Court of Appeals]." No specific allegations are set forth supporting this claim.[14]

We note that in granting a certificate of appealability, the Court of Appeals limited its scope as follows:

> Appellant's request for a certificate of appealability is granted as to his claims that (1) counsel on direct appeal rendered ineffective assistance in failing to argue that Appellant's sentence violates the plea agreement because sentencing was to be within the standard guidelines range for all counts; and (2) Appellant was denied his Sixth Amendment right to counsel at sentencing. In addition to addressing the merits of the claims, the parties should address whether procedural default applies to either issue, and the impact, if any, of Martinez v.

---

[11] Petition at p.4.
[12] Id. at p.7.
[13] Id. at p.8.
[14] Id. at p.9.

4

Ryan, 132 S.Ct. 1309 (2012), under the circumstances of this case. Appellant's motion for appointment of counsel is granted.[15]

Thus, it would appear that petitioner is alleging that fraud occurred at the Court of Appeals when it was presented with materials in opposition to his claim of ineffective assistance of counsel.

In our previous analysis of Jackson's claims regarding sentencing, we wrote:

At the sentencing hearing held on July 19, 2004 ("SH") it appeared that Jackson had apparently fired his fourth attorney (SH 3) and proclaimed his innocence (SH 4,7,10). However, Mr. Thomassey was present. On the record, the court stated:

> Mr. Jackson, I can only tell you that in 16 years on the bench, I have never seen an individual intentionally obstruct the requirements of the process of a just and fair hearing as you have.
>
> I in fact had you examined by the Behavior Clinic, and they sent you to Mayview to determine if you had any mental illness. Mayview says that the diagnosis is one of malingering. There is a very high suspicion that the patient's symptomatology is intentionally produced. The patient has a high-risk factor from malingering, including discrepancies between presenting significant memory deficits and his actual functioning on the ward. He has very poor cooperation with diagnostic evaluations or compliance with any kind of treatment.
>
> That's exactly the same thing that your lawyers have said about you.
>
> I am satisfied that the Commonwealth is significantly prejudiced, and I am further satisfied that the defendant entered a knowing, intelligent and voluntary plea of guilty to the charge of third degree murder. And accordingly, the motion to withdraw the guilty plea is denied (SH 11-12).
>
> As the sentencing hearing progressed, the following exchange occurred:
> THE COURT: It's apparent to the court, Mr. Jackson, you don't want Mr. Thomassey to represent you anymore. And Mr. Thomassey doesn't want to represent you anymore. Is that accurate?
>
> MR. JACKSON: Yes.
>
> THE COURT: Okay. Then you will represent yourself. I'm not going to appoint you yet another lawyer… You have elected by reason of your recalcitrance, your abuse of counsel, to represent yourself… (SH 15-17).
>
> In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of

---
[15] See: Response of the Commonwealth at p.9.

the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

From the record here, it is readily apparent that Jackson was not denied the assistance of counsel at any time, but instead rejected that assistance. Rather, the record demonstrates that petitioner was merely attempting to manipulate the judicial system and as a result of his failure he now alleges that he was denied the assistance of counsel. In United States v. Thomas, 357 F.3d 357, 362 (3d Cir. 2004), the Court wrote:

A court may find that a defendant has forfeited his or her right to counsel after having engaged in "extremely dilatory conduct" or "extremely serious misconduct." Forfeiture can be found "regardless of whether the defendant has been warned about engaging in misconduct, and regardless of whether the defendant has been advised of the risks of proceeding *pro se*." (citing to United State v. Goldberg, 67 F.3d 1092 (3d Cir. 1995).

While sentencing is a critical stage at which the assistance of counsel is necessary, there is no doubt that at some point the court need not jump through any further hoops to attempt to conduct proceedings with an obstreperous defendant. Such is the case here. Both appointed counsel and the trial court had extensive criminal practice experience and both expressed their utter frustration in dealing with the petitioner. As a result, Jackson comes before this Court and contends they violated his Sixth Amendment rights. To the contrary, the state courts' conclusions that by his conduct the petitioner waived his right to further appointed counsel is appropriate under federal law. In Thomas, the Court wrote, "although waiver most commonly is effected by an "affirmative, verbal request" to proceed *pro se*, waiver also may be effected by conduct…" 357 F.3d at 362.

Thus, these ineffective assistance allegations likewise do not provide a basis for relief.[16]

While Jackson seeks to denominate his present motion as a Rule 60(b) motion, in essence he is seeking to re-litigate his claim of ineffective assistance of counsel without first gaining leave from the Court of Appeals to file a successive petition. 28 U.S.C. § 2244.

Accordingly, Jackson's Rule 60 motion is subject to dismissal here as a successive petition filed without leave of the Court of Appeals.

An appropriate Order will be entered.

---

[16] See: ECF No. 19 at pp.

ORDER

AND NOW, this 2nd day of October 2, 2018, for the reasons set forth in the foregoing Memorandum, the Rule 60(b) motion submitted by the petitioner, considered as a successive habeas corpus petition filed without leave of the Court of Appeals is hereby dismissed.

Any party who desires to appeal this Order must file a notice of appeal with this Court within thirty (30) days of this date. Rule 4, F.R.App.P.

s/ Robert C. Mitchell

United States Magistrate Judge